IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

OCT 18 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA   )
   )   Case No. 1:18-CR-329
   v.   )
   )   Counts 1-6: 18 U.S.C. § 1341
TUAN DUC NGUYEN,   )   (Mail Fraud)
   )
   Defendant.   )   Counts 7-14: 18 U.S.C. § 1343
   )   (Wire Fraud)
   )
   )   Forfeiture Notice

## INDICTMENT

October 2018 TERM – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    TUAN DUC NGUYEN ("NGUYEN") was the founder, chairman, chief executive officer, and purported to be the "Director of Law" of the Asian-American National Committee, Inc. ("AANC"), a non-profit corporation organized under the laws of the Commonwealth of Massachusetts. NGUYEN resided in Dorchester, Massachusetts, and Garden Grove, California.

2.    NGUYEN held himself out as a lawyer and negotiated settlements with insurance companies on behalf of automobile accident victims who retained him. After reaching a settlement, insurance companies would send one or more checks to NGUYEN, made payable to an accident victim and/or AANC, in settlement of a victim's claim. NGUYEN deposited

settlement checks into AANC's Bank of America account ending in number 5807, which he exclusively controlled.

### THE SCHEME TO DEFRAUD

3. Beginning not later than in or around January 2013 and continuing through at least in or around October 2016, in the Eastern District of Virginia and elsewhere, NGUYEN knowingly devised and intended to devise a scheme and artifice to defraud accident victims and insurance companies and to obtain money from insurance companies that was intended for accident victims by means of materially false and fraudulent pretenses, representations, and promises. As a result of the fraud, NGUYEN obtained money to which he was not entitled.

4. The purpose of the scheme and artifice to defraud was to induce accident victims to retain NGUYEN to represent them by materially false and misleading statements and material omissions, to obtain settlement payments from insurance companies that were intended for the accident victims and that would not have been made to NGUYEN absent materially false statements and material omissions, to ensure that the accident victims received no notice of the payments made to NGUYEN, and to keep the settlement payments meant for the victims for NGUYEN's personal use.

5. As a further part of the scheme and artifice to defraud and in furtherance of it, NGUYEN made, and knowingly caused others to make, materially false and fraudulent representations and material omissions to accident victims, insurance companies, and others, including those described below.

6. As part of the scheme to defraud, NGUYEN induced accident victims to allow him to represent them by falsely holding himself out as an attorney and falsely representing that the

2

victims would receive a share of the settlements that NGUYEN would obtain for them from insurance companies.

7.      As part of the scheme to defraud, NGUYEN used materially false and intentionally misleading statements and material omissions to conceal from accident victims the fact that he had settled claims on their behalf with insurance companies and received payments intended for the victims. Specifically, NGUYEN caused victims' signatures to be forged on documents that released claims against insurance companies as part of the settlement of their claims, and NGUYEN himself purported to notarize those signatures and falsely attested that he had witnessed the victims sign the releases. In addition, NGUYEN caused false and materially misleading endorsements to be made on settlement checks intended for accident victims. NGUYEN then caused those checks to be deposited into the AANC bank account, which is identified in paragraph 2 above and which NGUYEN exclusively controlled. NGUYEN never informed the accident victims that he had entered into settlements and received payments on their behalf, despite knowing that this was material information which he had a duty to disclose to the victims. To the contrary, NGUYEN took affirmative steps to ensure that the victims would not learn that NGUYEN had settled their claims and received payment on their behalf. This included making false and misleading statements to accident victims who inquired about the status of their claims and providing insurance companies with false addresses for the victims so that the victims would not receive notice of settlements from the insurance companies.

8.      As part of the scheme to defraud, NGUYEN provided false and materially misleading information to insurance companies, including by falsely holding himself out as an attorney, falsely stating that he was handling the claims "pro bono," falsely representing that he intended to provide settlement payments to the accident victims, and by providing false addresses

for the accident victims to the insurance companies. Each of these false and misleading statements were material.

9.     NGUYEN executed the above-described fraudulent scheme in regard to his "representation" of the following accident victims, among others: A.B., M.T., A.B(2), J.N., C.C., P.C., L.N., T.L., K.P., L.S., D.N, and H.D. NGUYEN sent Letters of Representation and Demand Letters to insurance companies on behalf of these accident victims. NGUYEN received checks from insurance companies intended for these accident victims, deposited the checks in AANC's Bank of America account ending in number 5807, and kept for himself these settlement proceeds. NGUYEN sent Releases to the insurance companies that purported to be signed by, but in fact were not signed by, these accident victims. NGUYEN instead signed or had signed the Releases and falsely represented that they had been signed by the accident victims. In at least some instances, NGUYEN provided insurance companies with false addresses for these accident victims.

10.     As a result of his scheme and artifice to defraud, NGUYEN fraudulently obtained money from insurance companies that was intended for Accident Victims A.B., M.T., A.B(2), J.N., C.C., P.C., L.N., T.L., K.P., L.S., D.N, and H.D, in the amount of at least $134,269.00.

4

Counts 1 - 6

(Mail Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

11.     The allegations set forth in paragraphs 1 through 10 of this Indictment are re-alleged and incorporated as if set forth herein.

12.     Beginning not later than in or around January 2013 and continuing through at least in or around October 2016, in the Eastern District of Virginia and elsewhere, the defendant TUAN DUC NGUYEN devised a scheme and artifice to defraud accident victims and insurance companies and to obtain money and property from the insurance companies that was intended for accident victims by means of materially false and fraudulent pretenses, representations, and promises, specifically, the fraudulent scheme described in paragraphs three through ten above.

13.     On or about the dates listed below, within the Eastern District of Virginia and elsewhere, and for the purpose of executing such scheme and artifice to defraud, the defendant did knowingly place and cause to be placed in an authorized depository for mail matter, the mail matter described below, to be sent and delivered by the United States Postal Service:

| COUNT | DATE | SENDER | ADDRESSEE | ITEM |
|---|---|---|---|---|
| 1 | 8/26/2014 | National General Insurance Winston-Salem, North Carolina | Accident Victim J.N. Falls Church, Virginia | Notice of Settlement Payment |
| 2 | 8/30/2014 | TUAN DUC NGUYEN Garden Grove, California | Traveler's Property Casualty Chantilly, Virginia | Demand Letter for Accident Victim A.B. |
| 3 | 10/9/2014 | TUAN DUC NGUYEN Garden Grove, California | Geico Insurance Fredericksburg, Virginia | Demand Letter for Accident Victims D.N. and H.D. |

5

| 4 | 11/14/2014 | Geico General Insurance Company Fredericksburg, Virginia | Accident Victim D.N Falls Church, Virginia | Notice of Settlement Payment |
| 5 | 11/14/2014 | Geico General Insurance Company Fredericksburg, Virginia | Accident Victim H.D. Falls Church, Virginia | Notice of Settlement Payment |
| 6 | 1/22/2015 | Travelers Chantilly, Virginia | Accident Victim A.B. Falls Church, Virginia | Notice of Settlement Payment |

(All in violation of Title 18, United States Code, Section 1341.)

//

//

//

//

//

//

//

//

//

//

//

//

Counts 7 - 14

(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

14.     The allegations set forth in paragraphs 1 through 13 of this Indictment are re-alleged

and incorporated as if set forth herein.  Beginning not later than in or around January 2013 and

continuing through at least in or around October 2016, in the Eastern District of Virginia and

elsewhere, the defendant TUAN DUC NGUYEN devised a scheme and artifice to defraud accident

victims and insurance companies and to obtain money and property from the insurance companies

that was intended for accident victims by means of materially false and fraudulent pretenses,

representations, and promises, specifically, the fraudulent scheme described in paragraphs three

through ten above.  At all relevant times, the defendant acted with the intent to defraud.

15.     On or about the dates set forth in the table below, within the Eastern District of

Virginia and elsewhere, and for the purpose of executing such scheme and artifice to defraud, the

defendant TUAN DUC NGUYEN did knowingly transmit and cause to be transmitted by means

of wire communications in interstate commerce certain writings, signs, signals, and sounds, as

described more particularly below:

| COUNT | DATE | SENDER | RECIPIENT | ITEM |
|-------|------|--------|-----------|------|
| 7 | 1/7/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Traveler's Insurance Chantilly, Virginia | Faxed Letter of Representation of Accident Victim A.B. |
| 8 | 2/10/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Geico Insurance Fredericksburg, Virginia | Faxed Letter of Representation of Accident Victim T.L. |

| | | | | |
|---|---|---|---|---|
| 9 | 4/21/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Geico Insurance Fredericksburg, Virginia | Faxed Letter of Representation of Accident Victims D.N. and H.D. |
| 10 | 10/23/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Traveler's Insurance Chantilly, Virginia | Faxed letter describing lost wages of Accident Victim A.B. |
| 11 | 11/30/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Geico Insurance Fredericksburg, Virginia | Faxed Releases for Accident Victims D.N and H.D. |
| 12 | 12/9/2014 | TUAN DUC NGUYEN Dorchester, Massachusetts | Geico Insurance Fredericksburg, Virginia | Faxed Demand Letter for Accident Victim T.L. |
| 13 | 2/23/2015 | TUAN DUC NGUYEN Dorchester, Massachusetts | Geico Insurance Fredericksburg, Virginia | Faxed Release for Accident Victim T.L. |
| 14 | 3/5/2015 | TUAN DUC NGUYEN Dorchester, Massachusetts | Travelers Chantilly, Virginia | Faxed Release for Accident Victim A.B. |

(All in violation of Title 18, United States Code, Section 1343.)

//

//

//

//

//

//

//

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

16.     Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant TUAN DUC NGUYEN is hereby notified that, if convicted of an offense alleged in Counts 1 through 14 of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), his interest in any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the Counts of conviction.  If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute property, including but not limited to the following: A sum of money equal to at least $134,269.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

FOREPERSON

G. Zachary Terwilliger
United States Attorney

By:

Matthew A. Anzaldi
Christopher Cook
Andrew Dober
Special Assistant United States Attorneys

Kellen S. Dwyer
Assistant United States Attorney

9