IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CR-329 |
| | ) | |
| TUAN DUC NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED IN OPEN COURT**
**APR 30 2019**
**CLERK, U.S. DISTRICT COURT**
**ALEXANDRIA, VIRGINIA**

## STATEMENT OF FACTS

The United States of America and the defendant, TUAN DUC NGUYEN, agree that the allegations in the indictment and the following facts are true and correct, and that had the matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible, credible evidence:

1. The defendant was the founder, chairman, chief executive officer, and purported "Director of Law" of the Asian-American National Committee, Inc. ("AANC"), a non-profit corporation organized under the laws of the Commonwealth of Massachusetts.

2. The defendant is not licensed to practice law in any state bar or other jurisdiction, and never has been licensed to practice law.

3. Beginning not later than in or around January 2013 and continuing through at least in or around October 2016, in the Eastern District of Virginia and elsewhere, the defendant knowingly devised and intended to devise a scheme and artifice to defraud accident victims and insurance companies to obtain money from insurance companies that was intended for accident victims by means of materially false and fraudulent pretenses, representations, and promises. In furtherance of the defendant's scheme, the defendant caused wire signals and letters to be sent into

the Eastern District of Virginia from outside the commonwealth of Virginia for the purpose of executing the scheme.

4. As part of the defendant's scheme and artifice to defraud, the defendant induced accident victims to allow him to represent them by falsely holding himself out as an attorney and falsely representing to the victims that they would receive a share of the settlements that the defendant would obtain for them from insurance companies.

5. In furtherance of the scheme to defraud, other individuals referred to the defendant accident victims who had been treated by a doctor with whom the defendant had a professional relationship.

6. Once a relationship was established with a victim, the defendant then falsely represented that he was an attorney to the victim, falsely promised that he would obtain settlement money for them from insurance companies, falsely represented himself on behalf of the victims to insurance companies, signed documents with false signatures, obtained settlement money to which he was not entitled, and subsequently did not pay settlement money to said victims.

7. When various victims made inquiries with the defendant regarding settlement claims with insurance companies, the defendant gave false and misleading statements to victims about the status of such settlement claims.

8. The defendant defrauded up to at least 12 accident victims and 8 insurance companies in his scheme to defraud.

## COUNT 1 – MAIL FRAUD

9. Within the Eastern District of Virginia and elsewhere, and for the purpose of executing a scheme and artifice to defraud, the defendant did knowingly place and cause to be placed in an authorized depository for mail matter, the mail matter described below, to be sent and delivered by the United States Postal Service.

10. The defendant represented accident victim, J.N., in an effort to acquire money in a settlement with National General Insurance.

11. On August 20, 2014, the defendant transmitted a claim titled "Request for Compensation of Medical Injuries" to National General Insurance in the amount of $19,075. On August 26, 2014, National General Insurance generated a settlement check in the amount of $5,710, made payable to AANC and J.N. At the defendant's request, National General Insurance mailed the check to the defendant.

12. The defendant deposited the check on September 3, 2014, into AANC's account, which he controlled. AANC made no payment to J.N. and J.N. never received any payments from the settlement with National General Insurance.

13. At the defendant's instruction, National General Insurance transmitted a letter addressed to J.N., dated August 26, 2014, purportedly notifying J.N. of the $5,710 settlement check. At the defendant's instruction, the letter was mailed from outside the commonwealth of Virginia to "975 Lee Hwy, Falls Church, VA 22042," in the Eastern District of Virginia.

14. J.N. is a resident of Sterling, Virginia, not Falls Church, Virginia.

15. The defendant falsely provided the address "975 Lee Hwy, Falls Church, VA 22042" to National General Insurance in an effort to ensure the J.N. did not receive notice of the payment.

16. The notice of settlement payment that National General Insurance placed in the mail to be delivered to "975 Lee Hwy, Falls Church, VA 22042" would not have been sent absent the defendant's false representation that victim J.N. resided at that address.

## COUNT 7 – WIRE FRAUD

17. On the dates set forth below, within the Eastern District of Virginia and elsewhere, and for the purpose of executing a scheme and artifice to defraud, the defendant did knowingly

3

transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, and sounds described below.

18. On January 7, 2014, the defendant faxed a letter of representation on behalf of one car accident victim, A.B., and addressed it to a claims adjuster for Traveler's Insurance. The fax was transmitted from outside the commonwealth of Virginia, to Chantilly, VA, within the Eastern District of Virginia.

19. The faxed letter of representation was signed by the defendant and identified him as the "Director of Law" on AANC letterhead.

20. The defendant subsequently requested compensation for A.B.'s injuries (with supporting medical bills) along with lost wages information in the amount of $27,465.

21. A settlement check was generated by Traveler's Insurance on January 23, 2015, in the amount of $22,900. At the defendant's instruction, Travelers made the check payable to AANC and A.B.

22. The defendant endorsed the check and deposited it on January 30, 2015 into AANC's account, which he controlled.

23. A.B. never received or endorsed the check made payable to her and AANC, and never received any payment from the Travelers settlement.

## CONCLUSION

24. As a result of the fraud committed against these victims and others, the defendant obtained money to which he was not entitled.

25. In total, the loss that the defendant inflicted on insurance companies as well as accident victims amounted to $134,269.00.

26. This statement of facts does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

27. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident or other innocent reason.

28. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that he may have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of this statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *[signature]*

Christopher M. Cook
Andrew Dober
Special Assistant United States Attorneys
Kellen Dwyer
Assistant United States Attorney

## Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that if the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 4/30/19

TUAN DUC NGUYEN
Defendant

## Defense Counsel's Signature

I am the attorney for the defendant in this case, TUAN DUC NGUYEN. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

Date: 4/10/19

Cadence Mertz, Esq.
Counsel for the Defendant